United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40119
Conference Calendar

_____

NATHANIEL KEITH SINGLETON,

                                        Plaintiff-Appellant,

versus

NFN SANDERS, Commissary Manager,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-02-CV-839
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Nathaniel Keith Singleton, Texas prisoner # 716045, has
filed a motion captioned "Motion to reply with brief in support"
following the district court's order dismissing as frivolous
Singleton's 42 U.S.C. § 1983 civil rights action.  Singleton's
motion is construed as a motion for leave to proceed on appeal in
forma pauperis ("IFP").  By moving for IFP, Singleton is
challenging the district court's certification that IFP status
should not be granted because the appeal is not taken in good

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Singleton's IFP "motion must be directed solely to the trial

court's reasons for the certification decision."  Id.

Singleton asserts only that the district court was wrong for

denying him IFP.  Although this court liberally construes pro se

briefs, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the

court requires arguments to be briefed in order to be preserved.

Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).  Because

Singleton does not provide any analysis of the reasons for the

district court's certification decision, he has abandoned the

issue on appeal.  See id.

Singleton has not shown that the district court erred in

certifying that an appeal would not be taken in good faith.

Accordingly, we uphold the district court's order certifying that

the appeal presents no nonfrivolous issues.  Singleton's request

for IFP status is DENIED, and his appeal is DISMISSED as

frivolous.  See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Singleton is cautioned that the district court's dismissal

of his complaint as frivolous and this court's dismissal of his

appeal count as two strikes under 28 U.S.C. § 1915(g).  See

Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  If

Singleton accrues three strikes, he will not be able to proceed

IFP in any civil action or appeal filed while he is incarcerated

or detained in any facility unless he is under imminent danger of

serious physical injury.  See 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.